UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SHARP MEMORIAL HOSPITAL; SHARP CHULA VISTA MEDICAL CENTER; SHARP CORONADO HOSPITAL AND HEALTHCARE CENTER; and GROSSMONT HOSPITAL CORPORATION dba SHARP GROSSMONT HOSPITAL,

Plaintiffs,

v.

MEDI-EXCEL, S.A. DE C.V., dba MEDIEXCEL HEALTH PLAN; and DOES 1-10, inclusive,

Defendants.

Case No.:  24-cv-00511-WQH-JLB

**ORDER**

HAYES, Judge:

The matter before the Court is the Motion to Amend/Correct Scheduling Order and for Leave to Amend Answer filed by Defendant Medi-Excel, S.A. de C.V. dba MediExcel Health Plan (ECF No. 74) and the Motion to Strike Document filed by Plaintiffs Sharp Memorial Hospital, Sharp Chula Vista Medical Center, Sharp Coronado Hospital and Healthcare Center, and Grossmont Hospital Corporation dba Sharp Grossmont Hospital. (ECF No. 77.)

## I.   PROCEDURAL HISTORY

On February 13, 2024, Plaintiffs Sharp Memorial Hospital, Sharp Chula Vista Medical Center, Sharp Coronado Hospital and Healthcare Center, and Grossmont Hospital Corporation d.b.a. Sharp Grossmont Hospital (collectively, "Plaintiffs") initiated this action by filing a Complaint in the Superior Court of California, County of San Diego: Case No. 37-2024-00006620-CU-BC-CTL. (ECF No. 1-2.)

On March 15, 2024, Defendant Medi-Excel, S.A. de C.V. dba MediExcel Health Plan ("Defendant MediExcel") removed the action to this Court. (ECF No. 1.)

On May 7, 2024, Defendant MediExcel filed its Answer. (ECF No. 11.)

On June 27, 2024, Magistrate Judge Jill L. Burkhardt issued a Scheduling Order (ECF No. 17) requiring the parties to file any motion to amend pleadings by August 26, 2024. *Id.* at 2.

On January 29, 2026, Defendant MediExcel filed the pending Motion to Amend/Correct Scheduling Order and for Leave to Amend Answer (the "Motion to Amend"). (ECF No. 74.) Defendant MediExcel submits its proposed Amended Answer as an Exhibit to the Motion to Amend. (*See* Exhibit B, ECF No. 74-4.)

On February 13, 2026, Plaintiffs filed a Response in Opposition. (ECF No. 75.)

On February 23, 2026, Defendant MediExcel filed a Reply. (ECF No. 76.) In support, Defendant MediExcel submits a Declaration of Joseph Leventhal with two Exhibits. (ECF Nos. 76-1, 76-2, 76-3.)

On February 25, 2026, Plaintiffs filed a Motion to Strike the Declaration of Joseph Leventhal filed in Support of Defendant MediExcel's Reply (the "Motion to Strike"). (ECF No. 77.) On March 2, 2026, Defendant MediExcel filed a Motion to Strike Plaintiff's Motion to Strike (ECF No. 78) and a Response in Opposition. (ECF No. 79.)

## II.   CONTENTIONS

Defendant MediExcel seeks to amend its Answer to "assert two new affirmative defenses—unjust enrichment and unclean hands." (ECF No. 74 at 4.)

24-cv-00511-WQH-JLB

Defendant MediExcel contends that Plaintiffs produced "over 140,000 pages of documents" on May 2, 2025. *Id.* at 5. After reviewing these documents, Defendant MediExcel contends that it "learned that Sharp has solicited and accepted payment for some of the claims at issue in this litigation from sources other than MediExcel." *Id.* Defendant MediExcel also contends that, for other patient claims, Plaintiffs have "engaged in block billing[,] an illegal practice whereby hospitals or other healthcare providers seek to hold an individual patient responsible for the difference between what the patient's insurer pays for services rendered and the full amount of billed charges." *Id.* at 5–6. Defendant MediExcel now seeks to amend its Answer to include its newly raised affirmative defenses of unjust enrichment and unclean hands in response to these allegations. *Id.* at 6.

Defendant MediExcel contends that it brings the pending motion after the deadline for motions to amend pleadings passed more than one year ago on August 26, 2024 because it "had no reason to amend its Answer" prior to learning about Plaintiffs' alleged misconduct. *Id.* at 7. Defendant MediExcel contends that its current counsel joined this case on April 14, 2025 and has since been "fully engaged in litigating this case and developing its arguments for trial." *Id.*

Plaintiffs respond that Defendant MediExcel moves for leave to amend approximately "15 months after the deadline for the parties to amend pleadings and 8 months after discovery closed." (ECF No. 75 at 5.) Plaintiffs contend that Defendant MediExcel "failed to establish why it took eight months" from its receipt of the relevant documents to move for leave to amend their Answer. *Id.* at 6. Plaintiffs contend that they would be prejudiced by the addition of the affirmative defenses because, if the defenses had been raised "in a timely manner," then Plaintiffs "would have propounded written discovery on this defense." *Id.* at 6. Plaintiffs also contend that, despite the voluminous number of documents exchanged in discovery, the information required for Defendant MediExcel to be made aware of its newly raised affirmative defenses "would appear to be solely based on billing-related documents," which would not have required Defendant

24-cv-00511-WQH-JLB

MediExcel to have reviewed the extensive medical records associated with each patient. *Id.* at 9. Plaintiffs contend that the limited set of relevant documents required to identify the defenses does not justify Defendant MediExcel's excessive delay in moving for leave to amend its Answer. *Id.* Plaintiffs also contend that Defendant MediExcel now files the pending motion "over three months after it first raised the issue of the amendments" with Plaintiffs during the meet-and-confer process. *Id.* at 12.

Defendant MediExcel replies that the "timeline created by [Plaintiffs'] own belated efforts" deprived it of the opportunity to identify affirmative defenses earlier in this litigation. (ECF No. 76 at 4.) Defendant MediExcel contends that it could not "somehow ignore all of [Plaintiffs'] production except for billing records that revealed improper billing practices" to more quickly identify the basis for its newly raised affirmative defenses. *Id.* at 5–6. Defendant MediExcel contends that its earlier efforts were focused on "documents that supported MediExcel's defenses at the time," and that it appropriately exercised diligence in pursuing its new affirmative defenses once aware of their factual basis. *Id.* at 7. Defendant MediExcel contends that any delay during the period after it discovered the basis for its affirmative defenses resulted from its good faith efforts to confer with Plaintiffs' counsel regarding amendment. *Id.* Defendant MediExcel also contends that these new affirmative defenses "do not represent a wholesale shift in legal theory" that would prejudice Plaintiffs. *Id.* at 9. Defendant MediExcel also contends that, if the Court grants leave to amend the Answer, additional discovery would not be warranted. *Id.* at 11–12.

In its Motion to Strike, Plaintiffs contend that Defendant MediExcel impermissibly "raises entirely new evidence and issues" in its Reply. (ECF No. 77 at 4.) Plaintiffs contend that the Declaration of Joseph Leventhal (ECF No. 76-1) "contains 11 new paragraphs of purported evidence, and attaches two new exhibits—discovery responses and a letter exchanged between the parties in discovery" that should have been raised in Defendant MediExcel's "original motion" to provide Plaintiffs with a "proper opportunity to respond." (ECF No. 77 at 4.)

24-cv-00511-WQH-JLB

### III.    LEGAL STANDARD

If a party moves for leave to amend a pleading after a district court has issued a Scheduling Order pursuant to Federal Rule of Civil Procedure 16, "the motion 'is governed first by Rule 16(b), and only secondarily by Rule 15(a).'" *Cervantes v. Zimmerman*, No. 17-CV-1230-BAS-NLS, 2019 WL 1129154, at \*2 (S.D. Cal. Mar. 12, 2019) (quoting *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999)). "[T]he party seeking leave to amend cannot simply 'appeal to the liberal amendment procedures afforded by Rule 15,' but rather must show good cause in the first instance." *Id.* (quoting *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 952 (9th Cir. 2006)).

Federal Rule of Civil Procedure 16 provides that a "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension." *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quotation omitted). "[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 604 (citation omitted).

Federal Rule of Civil Procedure 15(a) provides that a district court should "freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). This policy is "to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quotation omitted). A district court's decision whether to grant a motion to amend a pleading requires consideration of five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether plaintiff has previously amended its [pleading]." *Western Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991). "[T]he consideration of prejudice to the opposing party [] carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). In conducting its analysis pursuant to Rule 15(a), the

24-cv-00511-WQH-JLB

district court should draw "all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

### IV.    DISCUSSION

### a.  Amendment of Scheduling Order under Rule 16(b)

Defendant MediExcel contends that it "has been diligent in this litigation" and "only recently appreciated the propriety of asserting additional affirmative defenses" based on the "improper billing practices" made evident by Plaintiffs' May 2, 2025 document production. (ECF No. 74 at 9–10.) Defendant MediExcel contends that, "[a]lthough Sharp produced the client files on May 2, 2025, it took several months to review the production due to the volume of Sharp's production." *Id.* at 10 n.2. Plaintiffs respond that Defendant MediExcel has demonstrated a lack of diligence because of the eight-month delay after receipt of the "production of documents allegedly supporting its new affirmative defenses" and the three-month delay after Defendant MediExcel "first raised the issue of the amendments" to Plaintiffs. (ECF No. 75 at 12.)

The Court holds that good cause exists to modify its Scheduling Order. The relevant Scheduling Order, issued on June 26, 2024 by Magistrate Judge Jill L. Burkhardt, required that "[a]ny motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed August 26, 2024." (ECF No. 17 at 2.) The parties repeatedly exchanged documents during the discovery process, including the May 2, 2025 production which purportedly put Defendant MediExcel on notice as to the basis for its newly raised affirmative defenses. (ECF No. 64 at 4; ECF No. 75 at 13.) Defendant MediExcel could not have moved to amend the Scheduling Order prior to the August 26, 2024 deadline because it lacked the information that would later prompt it to do so. *See, e.g., Zoe Mktg., Inc. v. Impressons, LLC*, No. 14CV1881 AJB (WVG), 2015 WL 12216341, at *2 (S.D. Cal. June 1, 2015) (describing the impossibility of timely moving for amendment in a case where "the depositions occurred after the deadline set forth in the scheduling order").

The elapsed time between the May 2, 2025 exchange of documents and the filing of the pending motion on January 29, 2026 does not indicate that Defendant MediExcel failed

24-cv-00511-WQH-JLB

to act with diligence. The voluminous number of documents exchanged during discovery supports Defendant MediExcel's contention that a time-intensive review process was necessary for it to identify its newly raised affirmative defenses. Moreover, the August 18, 2025 filing of its Motion for Partial Summary Judgment (ECF No. 47) indicates that Defendant MediExcel  acted diligently in dedicating its attention to those documents that supported its asserted defenses at that time. In total, the five-month lapse between Plaintiffs' document production in May 2025 and Defendant MediExcel's outreach to Plaintiffs' counsel regarding amendment in October 2025 and the additional three-month lapse between that outreach and the January 29, 2026 filing of the pending motion does not indicate a lack of diligence on behalf of Defendant MediExcel. *See Melingonis v. Rapid Cap. Funding, L.L.C.*, No. 16CV490-WQH-KSC, 2017 WL 1550045, at *3 (S.D. Cal. May 1, 2017) (holding the same based on a four-month lapse between discovering relevant information and moving for leave to amend a complaint to add an additional defendant).

Plaintiffs' cited authority does not persuade the Court to hold otherwise. In *Kamal v. Eden Creamery, LLC*, the Ninth Circuit held that a district court did not abuse its discretion in denying the plaintiffs leave to amend their complaint under Rule 16(b). 88 F.4th 1268, 1277–78 (9th Cir. 2023). In that case, the district court denied the plaintiffs' motion to add an additional defendant because the plaintiffs had been put on notice that the third party was involved in the chain of sale for the product at issue eight months prior to filing their motion. *Id.* at 1277. The district court also denied the plaintiffs' motion to add another theory of liability because the "key documents" informing their theory had been shared by the defendants five months earlier. *Id.* at 1278. The district court concluded that the plaintiffs "failed to account" for their delay in filing for leave to amend and denied their motion under the "good cause" standard. *Id.* Plaintiffs also cite to *Sharp v. Covenant Care LLC*, in which a magistrate judge denied the defendants' motion for leave to amend a scheduling order, which would have permitted them to file a motion for summary judgment, because of a three-month delay between the defendants discovering the relevant information and filing their motion. 288 F.R.D. 465, 468 (S.D. Cal. 2012). Defendant

24-cv-00511-WQH-JLB

MediExcel, unlike the movants in these cases, provides sufficient justification for its delay as a result of the large number of documents exchanged during discovery and the intervening Motion for Partial Summary Judgment.[1] The record does not suggest that Defendant MediExcel identified the basis for its newly raised affirmative defenses earlier than suggested by its outreach to Plaintiffs' counsel. Although district courts may hold that briefer lapses fail to satisfy the "good cause" standard of Rule 16(b), the complexities of this case favor a finding that Defendant MediExcel acted with diligence in pursing amendment of its Answer.

Having found good cause to amend the relevant deadline in the Scheduling Order under Federal Rule of Civil Procedure 16(b), the Court considers whether to grant Defendant MediExcel leave to amend its Answer pursuant to Rule 15(a).

### b. Amendment of Answer under Rule 15(a)

Defendant MediExcel contends that the Court should permit amendment of its answer because Plaintiffs will not suffer prejudice. (ECF No. 74 at 11.) Defendant MediExcel contends that amendment will not require the Court to re-open discovery because the documents produced to date "demonstrate the impropriety of Sharp's billing practices" and Plaintiffs are "already in full possession of all the relevant facts" related to the proposed affirmative defenses. *Id.* at 11–12. Defendant MediExcel also contends that the proposed affirmative defenses will not "broaden the claims at issue" because they do not "add new patient claims" or "implicate facts that were not already at issue." *Id.* at 12.

Plaintiffs contend, in response, that amendment of the Answer would prejudice them because they "would have propounded written discovery" regarding the newly raised affirmative defenses, "including asking MediExcel to identify which of the 1,000 medical

---

[1] The Ninth Circuit described the relevant documents in *Kamal* as being produced within a batch of "12,224 pages." 88 F.4th at 1278. Plaintiffs compare this number to the "10,000 pages" of "billing and account related documents" shared in this action, (ECF No. 75 at 13), but the more appropriate comparison is to the total "140,000 pages" of billing and medical documents exchanged in the May 2, 2025 production. (ECF No. 74 at 9.)

24-cv-00511-WQH-JLB

claims at issue these defenses apply to, the factual bases for the defenses as to these specific claims, and the documents MediExcel contends support its contentions as to these specific defenses." (ECF No. 75 at 15.) Plaintiffs contend that they "would be severely prejudiced by the addition of these affirmative defenses in the absence of discovery" and, alternatively, that "reopening discovery would cause a prejudicial further delay in the trial." *Id.* at 16. Plaintiffs also contend that amendment would be futile because Defendant MediExcel "provides no legal or evidentiary authority" for its newly raised affirmative defenses. *Id.* at 16–17.

The Court considers the *Western Shoshone* factors to determine whether it should permit Defendant MediExcel to amend its Answer. 951 F.2d at 204.

First, there is no indication of bad faith. *See Dzhatdoev v. Warden of Golden State Annex Det. Facility,* No. 1:25-CV-01457-JLT-CDB, 2026 WL 84300 (E.D. Cal. Jan. 12, 2026) ("A motion to amend is made in bad faith where there is evidence in the record which would indicate a wrongful motive on the part of the litigant requesting leave to amend.") (quotation omitted). Plaintiffs do not contend that Defendant MediExcel attempts to deceive the Court or delay the resolution of this action, and the record does not indicate any such improper motive.

Second, as discussed above, Defendant MediExcel's lapse in moving for leave to amend does not rise to the level of an "undue delay" because of the volume of discovery exchanged, the intervening motion practice during the period of delay, and communication between counsel for the parties provide sufficient justification for the delay.

Third, and most importantly, there is insufficient risk of prejudice to Plaintiffs to justify denying Defendant MediExcel leave to amend its Answer. Plaintiffs contend that permitting amendment would cause prejudice because (1) Defendant MediExcel has failed to "disclose[] the factual or legal basis" for its newly raised affirmative defenses and (2) amendment would either require "reopening discovery, [which] would cause a prejudicial further delay in trial" or force Plaintiffs to respond to these affirmative defenses without the opportunity to propound discovery on their underlying issues. (ECF No. 75 at 14–16.)

24-cv-00511-WQH-JLB

Defendant MediExcel contends, in response, that Plaintiffs are "fully aware of the facts and evidence that forms the basis of MediExcel's new affirmative defenses" and contends that there is "no new discovery required." (ECF No. 76 at 10.) The Court makes no finding regarding whether additional discovery is warranted based upon the newly raised affirmative defenses, leaving that determination for Magistrate Judge Burkhardt to make in the first instance. Even if additional discovery is warranted, the Court holds that this would be insufficiently prejudicial to Plaintiffs to justify denial of the Motion to Amend pursuant to the standard of Rule 15(a).

Fourth, it is not clear that Defendant MediExcel's proposed amendment would be futile. Plaintiffs contend that Defendant MediExcel provides no basis for its newly raised affirmative defenses and, moreover, that "it would not be unusual or unlawful for Sharp to receive reimbursement from multiple sources for a single claim." (ECF No. 75 at 17.) Defendant MediExcel contends that Plaintiffs may "seek payment from multiple sources" but may not "accept full payment from another source and then seek a double recovery in litigation." (ECF No. 76 at 13.) District courts rarely deny leave to amend on the basis of futility. *Pac. Vibrations, LLC v. Slow Gold Ltd.*, No. 22CV1118-LL-DDL, 2023 WL 1934436 (S.D. Cal. Feb. 10, 2023); *Zoe Mktg., Inc*, 2015 WL 12216341 at *5. The Court expresses no opinion on the sufficiency of Defendant MediExcel's affirmative defenses, apart from finding that it is not clearly evident that the newly raised affirmative defenses are futile.

Fifth, Defendant MediExcel has not previously amended its Answer. This factor does not weigh heavily in the Court's analysis.

Based on these factors—in particular, the limited risk of prejudice to Plaintiffs—the Court holds that Defendant MediExcel may amend its Answer (ECF No. 11) in accordance with the proposed amendments submitted in support of its pending motion. (Exhibit B, ECF No. 74-4.) This ruling is without prejudice to Plaintiffs moving to amend the Scheduling Order with Magistrate Judge Burkhardt to permit additional discovery.

/ / /

24-cv-00511-WQH-JLB

#### c. Motion to Strike

In the preceding analysis, the Court does not rely on the Declaration of Joseph Leventhal in Support of the Reply to Motion to Amend Scheduling Order and for Leave to Amend Answer (ECF No. 76-2) nor its supporting Exhibits. The Motion to Strike (ECF No. 77) is therefore denied as moot. *See, e.g.*, *Delarosa v. Boiron, Inc.*, 275 F.R.D. 582, 585 (C.D. Cal. 2011) (denying as moot the parties' motions to strike declarations because the district court did not rely on the declaration in its analysis). The Motion to Strike Plaintiff's Motion to Strike (ECF No. 78) is also denied as moot.

### V.    CONCLUSION

IT IS HEREBY ORDERED that Defendant MediExcel's Motion to Amend/Correct Scheduling Order and for Leave to Amend Answer (ECF No. 74) is granted. Defendant MediExcel may file an Amended Answer no later than three (3) business days after the filing of this Order.

IT IS FURTHER ORDERED that Motions to Strike (ECF Nos. 77, 78) are denied.

IT IS FURTHER ORDERED that Plaintiffs may file any motion to re-open discovery within ten (10) days of the filing of this Order. Any motion regarding discovery shall be directed to Magistrate Judge Jill L. Burkhardt. To the extent that either party also wishes to amend the remaining deadlines described in the Court's January 9, 2026 Order (ECF No. 66), a motion may be filed before this Court seeking amendment to the January 9, 2026 Order.

Dated:  March 10, 2026

Hon. William Q. Hayes
United States District Court

24-cv-00511-WQH-JLB