UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARP MEMORIAL HOSPITAL, et al., Plaintiffs, v. MEDI-EXCEL, S.A. DE C.V., et al., Defendants. | Case No.: 24-cv-00511-WQH-JLB **ORDER DENYING DEFENDANT MEDI-EXCEL'S MOTION TO COMPEL AND GRANTING DEFENDANT MEDI-EXCEL'S MOTION TO SEAL** **[ECF No. 100, 101]** |

Before the Court is a Motion to Compel and Motion to Seal filed by Defendant Medi- Excel, S.A. De C.V. ("Defendant"). (ECF Nos. 100, 101.) Defendant's Motion to Compel "seeks an order compelling a supplemental production of documents called 'account notes' from Plaintiff[s] Sharp [Memorial Hospital, Sharp Chula Vista Medical Center, Sharp Coronado Hospital, and Grossmont Hospital Corporation dba Sharp Grossmont Hospital (collectively 'Plaintiffs')]." ECF No. 100-1 at 4. Defendant's Motion to Seal "seeks to seal the confidential patient medical records and data in . . . Exhibits 1 and 3-10 to the Declaration of Andrew Dane." ECF No. 101 at 2.

For the reasons set forth below, the Court **DENIES** Defendant's Motion to Compel and **GRANTS** the Motion to Seal. (ECF Nos. 100, 101.)

## I. PROCEDURAL HISTORY

Plaintiffs own and operate four general acute care hospitals in San Diego County that have provided and continue to provide emergency and post-stabilization services to patients who are insured through Defendant. ECF No. 104 at 4. Although Defendant's members are required to get non-emergency healthcare in Mexico, they may use any hospital for emergency services. Many of Defendant's members have used one of Plaintiffs' emergency departments when they experience a medical emergency. The parties do not have a contract that sets forth the rate Defendant must pay Plaintiffs for medical care given to Defendant's members. (*Id.*) Plaintiff "has identified 1,000 separate accounts where [its] hospitals have treated [Defendant's members] in the emergency department and where [Defendant] has paid . . . very low amounts for that care." ECF No. 104-2 at ¶ 2. Plaintiffs claim under California law, Defendant owes the reasonable value of emergency and post-stabilization services provided to Defendant's members. (ECF No. 104 at 4.)

On February 13, 2024, Plaintiffs initiated this action by filing a Complaint in the Superior Court of California, County of San Diego: Case No. 37-2024-00006620-CU-BC-CTL. (ECF No. 1-2.) The Complaint alleges five causes of action: (1) breach of an implied-in-law contract for emergency services; (2) breach of an implied-in-law contract for post-stabilization services; (3) breach of an implied-in-fact contract for post-stabilization services; (4) a claim for services rendered; and (5) a claim for declaratory relief seeking a judicial determination in favor of Plaintiffs regarding the payment obligations. (*Id.* ¶¶ 4-47.)

On March 15, 2024, Defendant removed the action to this Court. (ECF No. 1.) On May 7, 2024, Defendant filed its Answer, which included eighteen (18) affirmative defenses. (ECF No. 11.)

On March 12, 2024, Plaintiffs produced a disputed claims list ("DCL") that included roughly 870 claims. (ECF No. 100-2 at ¶ 2.) On June 3, 2024, Plaintiffs produced a second

DCL that included roughly 1000 claims. (*Id.*) These DCLs did not include any detail regarding how much Plaintiff claimed it was owed for each claim. *Id.*

On May 23, 2024, the discovery period opened. (ECF No. 15 at 2.)

In May 2025, Plaintiffs produced claim files for 999 of the 1000 claims at issue. (ECF No. 104-2 at ¶ 1.) This production included "over 140,000 pages of claims documents, organized by account number and stay type (i.e., inpatient or outpatient), including billing documents (uniform bills ("UBs"), Explanations of Benefits ("EOBs"), account notes, and appeals correspondence) and medical records." *Id.* Plaintiffs then produced a third DCL because "due to some kind of sorting error, the charges and payments for some of the claims were not reflected properly" in the prior version. ECF No. 100-2 at ¶ 2.

On August 18, 2025, Defendant filed a Motion for Partial Summary Judgment, which was opposed by Plaintiffs. (ECF Nos. 47, 55.) Defendant argued it was entitled to summary judgment on:

> (1) all causes of action related to the medical care of 551 patients in this action because the applicable statute of limitations bars Plaintiffs from seeking recovery related to their medical care and (2) the second, third, fourth, and fifth causes of action related to the medical claims of twenty-one patients because individualized circumstances related to their care release [Defendant] from payment obligations pursuant to one of the undisputed exemptions from reimbursement.

ECF No. 66 at 6. On January 9, 2026, the Hon. William Q. Hayes denied Defendant's motion except "with respect to claims arising from the medical care of three (3) patients about whom the parties do not dispute that reimbursement claims were denied in full based on non-emergency care." *Id.* at 17.

On January 29, 2026, Defendant filed a Motion for Leave to Amend its Answer to add two affirmative defenses, unjust enrichment and unclean hands, claiming it "learned that [Plaintiff] has solicited and accepted payment for some of the claims at issue in this litigation from sources other than [Defendant]" after review of Plaintiffs' May 2, 2025,

document production. ECF No. 80 at 3. District Judge Hayes granted Defendant's motion and Defendant filed its Amended Answer on March 12, 2026. (ECF Nos. 80, 82.)

On March 20, 2026, Plaintiffs moved to reopen discovery for the limited purpose of permitting it to conduct discovery on the two new affirmative defenses. (ECF No. 87.) Defendant opposed the motion. (ECF No. 88.) On April 2, 2026, the Court held a Discovery Conference and ordered counsel to meet and confer further and "advise the Court . . . if issues related to time and extent of proposed discovery remain." ECF No. 91.

Thereafter, counsel met and conferred. Defendant requested Plaintiffs "clarif[y] what [they are] (and [aren't]) seeking reimbursement for . . . [because Plaintiffs] intend[] to count payments from patients or other insurers toward the reasonable and customary value of services[,] [b]ut, [has not produced] any statement on the record . . . to that effect." ECF No. 104-3 at 14. Defendant took the position that "until [it] gets confirmation on [Plaintiffs'] position, [Defendant] will have to assert the unjust enrichment and unclean hands affirmative defenses against virtually all of the patient claims at issue." *Id*. During the meet and confer process Plaintiffs "agree[d] to credit all payments to each account." *Id*. at 13. On April 14, 2026, Defendant's counsel "agree[d] that updating the [DCL] to reflect those payments is the cleanest way" to resolve the dispute. *Id*. at 12.

On April 15, 2026, the Court held an informal Status Conference and confirmed "[t]he parties' dispute regarding the time and scope of additional discovery was appropriately resolved." ECF No. 96.

On April 22, 2026, Plaintiffs produced a fourth DCL, which was updated from the prior version to "reflect[] all payments from entities other than [Defendant]." ECF No. 104-2 at 4-5. Subsequently, the parties informed the Court they had not resolved their dispute regarding Plaintiffs' supplemental production of account notes, and an informal Discovery Conference was held on May 22, 2026. (ECF No. 99.) Following the conference, the parties were unable to resolve the discovery dispute, and a briefing schedule was set. (ECF No. 99.) Defendant duly filed it Motion to Compel (ECF No. 100) and Plaintiff timely opposed (ECF No. 104).

## II. DISCUSSION

The Court will begin by addressing Defendant's Motion to Compel before turning to its Motion to Seal.

### A. MOTION TO COMPEL

Defendant requests the Court "compel[] a supplemental production of . . . "account notes" from [Plaintiff] because these documents reveal evidence that [Defendant] is not liable to [Plaintiffs] as it relates to certain patient claims." ECF No. 100-1 at 4.

Plaintiffs' account notes are essentially a log of billing information across the life of the claim including Plaintiffs' contact with a patient's insurer, billing invoices, and payments received. (*Id*. at 7.) The account notes also include Plaintiffs' internal notes regarding patient claims, including amounts Plaintiffs believe they are owed for a particular claim, what they expect, and from what person or entity Plaintiffs expect payment. Because Plaintiffs produced the account notes in early May 2025, they do not include any entries since that time. (*Id*.)

In support of its motion Defendant argues the account notes "are squarely relevant to [Plaintiffs'] claims that [Defendant] underpaid for the services rendered to [Defendant's] members," and "are also relevant to [Defendant's] newly-asserted affirmative defenses of unclean hands and unjust enrichment, as well as [Defendant's] earlier affirmative defenses including, inter alia, set-off." *Id*. at 9. Defendant contends Plaintiffs have a duty under Fed. R. Civ. P. 26(e) to supplement its May 2025 production of account notes "[b]ecause the previous production of account notes contain no information about determinations and communications over the last year." *Id*. at 4.

In opposition, Plaintiffs argue production of "additional account notes is unnecessary, duplicative, unduly burdensome, and not proportional to the needs of the case." ECF No. 104 at 12.

#### 1. Legal Standard

"[B]road discretion is vested in the trial court to permit or deny discovery . . . ." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). "Parties may obtain discovery

regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b). Even after the 2015 amendments to Rule 26, "discovery relevance remains a broad concept." *Fed. Nat'l Mortg. Ass'n v. SFR Invs. Pool 1, LLC*, No. 14-cv-02046-JAD-PAL, 2016 WL 778368, at *2 n.16 (D. Nev. Feb. 25, 2016).

Information must also be "proportional to the needs of the case" to fall within the scope of permissible discovery. Fed. R. Civ. P. 26(b)(1). When analyzing the proportionality of a party's discovery requests, a court should consider the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *Id*.

The party seeking to compel discovery has the burden of establishing its request satisfies the requirements of Rule 26(b)(1). *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. July 17, 1995). "Once the propounding party establishes that the request seeks relevant and proportional information, '[t]he party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections.'" *Cancino Castellar v. McAleenan*, No. 17-cv 491-BAS-AHG, 2020 WL 1332485, at *4 (S.D. Cal. Mar. 23, 2020) (quoting *Superior Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 217 (C.D. Cal. 2009)).

**2. Discussion**

Defendant requests the Court "compel[] a supplemental production of . . . "account notes" from [Plaintiff] because these documents reveal evidence that [Defendant] is not liable to [Plaintiffs] as it relates to certain patient claims." ECF No. 100-1 at 4. Defendant contends Plaintiffs have a duty under Fed. R. Civ. P. 26(e) to supplement its May 2025 production of account notes "[b]ecause the previous production of account notes contain no information about determinations and communications over the last year." *Id*.

Defendant "only seeks this information if it was not already reflected in the previously-produced account notes" and requests Plaintiffs be compelled to produce

> updated account notes [only] if they show [Plaintiffs]: (1) made changes to allocation of financial responsibility for the claim; (2) made additional attempts to collect payment from an entity other than [Defendant]; (3) actually collected additional amounts from an entity other than [Defendant]; (4) agreed to accept less than the full billed charges from a payor other than [Defendant] (including a patient); or (5) made an assessment regarding the strength or likelihood of success of an appeal of [Defendant's] payment determination.

*Id*. at 4-5. Defendant argues these records "are squarely relevant to [Plaintiffs'] claims that [Defendant] underpaid for the services rendered to [Defendant's] members," and "are also relevant to [Defendant's] newly-asserted affirmative defenses of unclean hands and unjust enrichment, as well as [Defendant's] earlier affirmative defenses including, inter alia, set-off." *Id*. at 9.

A party who has made a disclosure under Rule 26(a) or responded to a written discovery request has an ongoing duty to supplement or correct its disclosure or response "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties." Fed. R. Civ. P. 26(e)(1).

Defendant has not shown the information it seeks through a supplemental production of account notes is "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Defendant's new affirmative defenses–unclean hands and unjust enrichment–are predicated on the theory that Plaintiffs "solicited and accepted payment for some of the claims at issue in this litigation from sources other than [Defendant]." ECF No. 80 at 3; *see also* ECF No. 85 at 13 ("Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands because Plaintiffs have engaged in improper and potentially unlawful billing practices related to the claims at issue in this case, including but not limited to, billing [Defendant] for claims that Plaintiffs know are not [Defendant's] financial responsibility, ascribing financial responsibility for portions of claims to other payors without notifying [Defendant], and accepting additional payments on claims without

notifying [Defendant]. If Plaintiffs are successful in their claims, any recoverable amounts must be reduced to the extent by which Plaintiffs have ascribed financial responsibility to other payors and/or accepted payment from other payors to prevent Plaintiffs from being unjustly enriched at [Defendant's] expense."). Plaintiffs, however, have

(1) "agree[d] to credit all payments to each account" [ECF No. 104-3 at 13];

(2) produced a DCL that "reflects all payments from entities other than [Defendant]" [ECF No. 104-2 at ¶ 9]; and

(3) "agreed to produce a witness [for deposition who will] authenticate and describe the [DCL] . . . and the 'who, why, when, where, and how' behind [it]" [ECF No. 104 at 12].

Defendant, therefore, already has access to the information it seeks. *See* Fed. R. Civ. P. 26(e)(1) (requiring supplemental production "if the additional or corrective information has not otherwise been made known to the other parties").

Moreover, Plaintiffs estimate "[l]ogging into and downloading copies for the account notes for the 1,000 accounts . . . would take [Plaintiffs'] personnel over 100 hours . . . to accomplish, if not more." ECF No. 104-1 at ¶ 8. The information that could be obtained from this undertaking is not essential to underlying question of what payments Plaintiffs have collected and from whom, when this information already exists on Plaintiffs' DCL and Defendant will have the opportunity to depose Plaintiffs' witness about the DCL. The expense of obtaining updated account notes, therefore, outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(1) (When analyzing the proportionality of a party's discovery requests, a court should "consider[] the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.").

Based on the foregoing, the Court exercises its discretion to disallow it in light of its limited additional value when weighed against the burden of production. *See Strategic Partners, Inc. v. FIGS, Inc.*, No. 19-cv-2286-GW-KSx, 2021 WL 4813646, at *4 (C.D.

Cal. Aug. 12, 2021) ("In resolving discovery disputes, the court may exercise its discretion in determining the relevance of discovery requests, assessing oppressiveness, and weighing those facts in deciding whether discovery should be compelled.") (quotation omitted); *McCall v. State Farm Mut. Auto. Ins. Co.*, No. 16-cv-01058-JAD-GWF, 2017 WL 3174914, at *9 (D. Nev. July 26, 2017) ("If the requirement for proportionality in discovery means anything . . . it must mean that burdensome, tangential discovery should not be permitted based on the mere possibility that something may turn up to support what is otherwise only speculation.").

**B. MOTION TO SEAL**

Defendant's Motion to Seal "seeks to seal the confidential patient medical records and data in . . . Exhibits 1 and 3-10 to the Declaration of Andrew Dane." (ECF No. 101 at 2.) Plaintiffs do not oppose the request.

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of public access. *See Nia v. Bank of Am.,* No. 21-cv-1799-BAS-BGS, 2024 WL 171659, at *1 *(*S.D. Cal. Jan.12, 2024); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). The showing required to meet this burden depends on whether the materials to be sealed are "more than tangentially related to the merits," in which case the "compelling reasons" standard applies. *See Ctr. for Auto Safety*, 809 F.3d at 1096-98. When the materials involved do not surpass the tangential relevance threshold, the "good cause" standard applies. *Id*. In *Center for Auto Safety*, the Ninth Circuit held that when sealed materials are attached to a discovery motion unrelated to the merits of the case, application of the "good cause" standard is appropriate. *Id*. at 1097. Therefore, the parties' requests to file under seal the designated materials for the purpose of this Motion to Compel Supplemental Document Production, a discovery motion, are reviewed for good cause. *Id*.; *see also* Fed. R. Civ. P. 26(c).

Defendant advances valid arguments in support of filing Exhibits 1 and 3-10 under seal. Regarding Exhibits 1, 3-10, Defendant contends that these documents are "confidential patient medical records and patient data." (ECF No. 101 at 2.) Defendant

proffers that the exhibits should be sealed to protect patient privacy rights and that same information or similar information was previously sealed. (*Id*. at 4.)

Having reviewed and evaluated these materials, the Court finds that Defendants have demonstrated good cause for sealing Exhibits 1, 3-10. *See, e.g., Stafford v Rite Aid Corp.,* No. 17-cv-1340-AJB-JLB, 2019 WL 3818015, at *1 (S.D. Cal. Aug. 14, 2019) (granting request to file personal health information under seal). Thus, with respect to these materials, the Court therefore **GRANTS** the request.[1]

## III. CONCLUSION

Based on the foregoing, Defendant's Motion to Compel is **DENIED**. (ECF No. 100.)

It is further **ORDERED** that Defendant's Motion to Seal is **GRANTED**. (ECF No. 101.) The Court further **ORDERS** as follows:

1. The Clerk of Court shall file the following documents under seal: ECF Nos. 102-1 (Exhibit 1), 102-2 (Exhibit 3 (Pt 1)), 102-3 (Exhibit 3 (pt 2)); 102-4 (Exhibit 3 (Pt. 3)), 102-5 (Exhibit 3 (Pt 4)), 102-6 (Exhibit 4), 102-7 (Exhibit 5), 102-8 (Exhibit 6 (Pt. 1)); 102-9 (Exhibit 6 (pt 2)); 102-10 (Exhibit 7), 102-11 (Exhibit 8), 102-12 (Exhibit 9) and 102-13 (Exhibit 10).

Dated: August 11, 2026

Hon. Jill L. Burkhardt
United States Magistrate Judge

[1] Defendant does not move to seal the Declaration of Andrew Dane. Mr. Dane's Declaration is filed on the open docket at 100-2. The Declaration has also been filed at 102 under seal. This seems to have been inadvertent. Neither the Defendant nor the Court need correct this oversight because the exact same declaration is available to the public at 100-2.