UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

SHARP MEMORIAL HOSPITAL; SHARP CHULA VISTA MEDICAL CENTER; SHARP CORONADO HOSPITAL AND HEALTHCARE CENTER; and GROSSMONT HOSPITAL CORPORATION dba SHARP GROSSMONT HOSPITAL,

Plaintiffs,

v.

MEDI-EXCEL, S.A. DE C.V., dba MEDIEXCEL HEALTH PLAN; and DOES 1-10, inclusive,

Defendants.

Case No.: 3:24-cv-00511-WQH-JLB

**ORDER**

HAYES, Judge:

On August 25, 2026, Defendant MediExcel Health Plan ("Defendant") filed the pending Motion to Seal Confidential Documents in connection with Defendant's Objections to Order Denying MediExcel's Motion to Compel. (ECF No. 111.) Defendant contends that Exhibit 3 to the Declaration of Andrew Dane contains "confidential patient information" such that sealing is required to protect patient health information pursuant to the Health Insurance Portability and Accountability Act ("HIPPA") of 1996. *Id.* at 2.

Exhibit 3 is the excerpted transcript of the deposition of Plaintiffs' 30(b)(6) witness Matthew Cutler. *Id*.

Courts begin with a "strong presumption in favor of access to court records," which the party seeking sealing "bears the burden of overcoming" by meeting the "compelling reasons" standard. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

The Court finds that Defendant's motion to seal documents does not set forth a compelling reason "supported by specific factual findings" that outweigh the general policy of publicly disclosing documents filed with the Court. *Kamakana*, 447 F.3d at 1178–79. Unlike other documents granted seal in this case that contain patient protected health information ("PHI") (ECF Nos. 52, 67, 68, and 108), Exhibit 3 here does not identify confidential PHI such as specific patients, patient health statistics, or billing information identifying certain patients. Further, the motion to file documents under seal does not show that the request to seal is "narrowly tailored" to serve a compelling interest, as no proposed redacted version of the document at issue was filed. *Press-Enter. Co. v. Superior Ct. of California, Riverside Cnty.*, 464 U.S. 501, 510 (1984).

IT IS HEREBY ORDERED that Defendants' Motion to File Documents Under Seal (ECF No. 111) is denied. The Clerk of Court is directed to file on the public docket this Order along with the Declaration of Andrew Dane in Support of Defendant MediExcel's Motion to Seal Confidential Documents and the attached Exhibit 3.

Dated: 10/30/2026

William Q. Hayes

Hon. William Q. Hayes
United States District Court